**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NANCY L. DeRIDER,**

                Petitioner,                No. 07-cv-1204
                                                             (GLS)
       v.

**UNITED STATES OF AMERICA,**

                Respondent.
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PETITIONER:**
NANCY L. DeRIDER
*Pro Se*
14332-052
Federal Prison Camp Danbury
Pembroke Station
Danbury, Connecticut 06811

**FOR THE RESPONDENT:**
HON. GLENN T. SUDDABY          ROBERT P. STORCH, ESQ.
United States Attorney              WILLIAM C. PERICAK, ESQ.
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

# DECISION AND ORDER

## I. Introduction

On April 18, 2008, petitioner Nancy DeRider, proceeding *pro se,* filed an amended motion pursuant to 28 U.S.C. § 2255 to vacate her sentence for the crimes of mail fraud (*see* 18 U.S.C. § 1341) and aggravated identity theft (*see* 18 U.S.C. § 1028A).  (*See* Amended Motion; Dkt. No. 20.)  The court has conducted a preliminary review of DeRider's amended motion in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Upon such review, the court has determined that DeRider is not entitled to relief.

## II. Discussion

### A. Standard of Review

Pursuant to the Rules Governing Section 2255 Proceedings, the judge who receives a § 2255 motion to vacate must conduct a preliminary review.  Following such review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  *See* Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255 [hereinafter "Rule 4"].  Thus, summary dismissal pursuant to Rule 4 is appropriate where the motion to vacate and the supporting papers

conclusively show that the movant is not entitled to habeas relief.  *See Garcia Montalvo v. United States,* 862 F.2d 425, 426-27 (2d Cir. 1988); *Gonzalez v. United States,* No. 07-cv-3571, 2007 WL 1988152, at *1 (S.D.N.Y. July 6, 2007); *see also* 28 U.S.C. § 2255(b) (providing for, *inter alia,* a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .").

**B.   Waiver**

DeRider's amended motion is subject to summary dismissal on the grounds that she waived her right to appeal or collaterally attack her conviction and sentence.  Under the terms of her Plea Agreement, DeRider waived "any and all rights . . . to appeal or collaterally attack her conviction and any sentence of imprisonment of fifty-seven (57) months or less, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed."  (Plea Agreement at 12; Dkt. No. 4.)

It is well-settled that such a waiver of rights in a Plea Agreement is enforceable, provided the waiver was knowing and voluntary.  *See United States v. Djelevic,* 161 F.3d 104, 106 (2d Cir. 1998) ("It is by now well-settled that a defendant's knowing and voluntary waiver of his right to

3

appeal a sentence within an agreed upon guideline range is enforceable."); *Garcia-Santos v. United States,* 273 F.3d 506, 508-09 (2d Cir. 2001) (enforcing waiver of the right to bring a petition under 28 U.S.C. § 2255). In addition to the requirement that the waiver be knowing and voluntary, "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." *Frederick v. Warden, Lewisburg Corr. Facility,* 308 F.3d 192, 195-96 (2d Cir. 2002). In this case, DeRider does not contest the knowing and voluntary nature of the Plea Agreement, nor does she contest the validity of the Plea Agreement. Rather, her 28 U.S.C. § 2255 motion is directed at the length of the sentence imposed.[1] In the absence of an attack on the Plea Agreement, as opposed to the sentence, there is no basis for disregarding the waiver of rights contained in the Plea Agreement.[2] Accordingly, DeRider's 28 U.S.C. § 2255 petition must be dismissed.

---

[1] This is evident both from the asserted grounds for relief, and from the nature of the relief requested, *i.e.,* that the court "vacate sentence and remand for re-assesment [sic] of guidelines and sentence modification." (*See* Amended Motion at 14; Dkt. No. 20.)

[2] The ineffective assistance of counsel may be an appropriate basis for attacking a plea agreement and the waiver of rights contained therein. *See Djelevic,* 161 F.3d at 107. However, where, as in this case, the allegation is that counsel was ineffective at the time of *sentencing*, the waiver contained in the plea agreement remains enforceable. *See id.*

4

**C.     Procedural Bar**

Even if DeRider had not waived the right to collaterally attack her sentence, the court would dismiss the bulk of DeRider's claims due to her failure to raise them on direct appeal.  Of the five grounds for relief which she asserts in her 28 U.S.C. § 2255 motion,[3] Ground One (misapplication of the sentencing guidelines), Ground Three (reasonableness of the sentence), Ground Four (violation of defendant's right to allocution), and Ground Five (cruel and unusual punishment) are procedurally barred.  *See Zhang v. United States,* 506 F.3d 162, 166 (2d Cir. 2007) ("In general, a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review.").[4]

The procedural default bar "may be overcome only where the petitioner establishes either (1) 'cause' for the failure to bring a direct

---

[3] Actually, DeRider asserts seven grounds for relief.  However, Ground Six, in which she requests an evidentiary hearing, and Ground Seven, in which she seeks the appointment of counsel, are not actually grounds for vacating her sentence.  The court addresses these two requests later in this opinion.

[4] Ground Two (ineffective assistance of counsel) is, like the other grounds, barred by the waiver contained in DeRider's Plea Agreement.  However, assuming the waiver were invalid or unenforceable, the ineffective assistance of counsel claim would not necessarily be procedurally barred by DeRider's failure to assert it on direct appeal.  *See Zhang,* 506 F.3d at 166 (noting that the procedural default rule "does not generally apply to claims of ineffective assistance of counsel").  In section II.D, *infra,* the court addresses the merits of DeRider's claim of ineffective assistance of counsel.

5

appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'" *Id.* (citation omitted).  As DeRider has pleaded guilty, and does not challenge that plea, she cannot establish "actual innocence."  Nor can she establish "cause" for her failure to bring a direct appeal.  First, "a waiver of appeal provision in a plea agreement d[oes] not constitute 'cause' for failing to take a direct appeal."  *Garcia-Santos,* 273 F.3d at 508.  Second, while DeRider argues that her attorney did not inform her of her right to appeal, this assertion is belied by DeRider's signature on the Plea Agreement, in which it is written that "[t]he Defendant acknowledges that, after consultation with defense counsel, she fully understands the extent of her rights to appeal . . . ."  (Plea Agreement at 12; Dkt. No. 4.)  Even assuming that her lawyer did not inform her of her rights, DeRider was informed by the court at sentencing of her "right to appeal this sentence under limited circumstances."  (Record of Proceedings at 11; Dkt. No. 14.)  Therefore, DeRider cannot establish cause for her failure to raise Grounds One, Three, Four, and Five on direct appeal.

Morever, even if DeRider could establish cause, she could not establish actual prejudice because her challenges to the sentence are baseless.  First, there is no merit to her argument that the court relied on

6

the wrong edition of the Guidelines Manual in sentencing her.  *See generally* U.S. SENTENCING GUIDELINES MANUAL (2006).  DeRider asserts that the court should have used the Guidelines Manual in effect in 2000, at the time her criminal conduct began.  However, "[a] sentencing court generally is required to apply the Guidelines Manual in effect at the time of sentencing."  *United States v. Broderson,* 67 F.3d 452, 456 (2d Cir. 1995).  It is true that "where application of the Guidelines in effect at sentencing would result in a more severe sentence than the version in effect at the time of the commission of the offense, the *Ex Post Facto* Clause of Article I of the Constitution requires use of the earlier version of the Guidelines."  *Id.*  Even then, however, "[t]he last date of the offense, as alleged in the indictment, is the controlling date for *ex post facto* purposes."  *Id.*  Here, the Plea Agreement indicates that DeRider's criminal conduct began in 2000 and continued through November of 2006.  (*See* Plea Agreement at 4-5.)  Therefore, the court properly applied the 2006 Guidelines Manual.

Next, as to DeRider's challenge to the reasonableness of her sentence, the concerns she raises were brought to the court's attention prior to sentencing, and were considered by the court at that time.  Specifically, in her Sentencing Memorandum, DeRider argued, in language

7

that is quite similar to that used in her amended motion to vacate, that she "has endured significant hardships and difficulties," and that her crimes were motivated by "her financial difficulties and an overwhelming desire to provide for her immediate family." (Sentencing Memorandum at 1, 5-6; Dkt. No. 9.) Upon reconsideration of these arguments, and re-review of DeRider's Sentencing Memorandum, the government's Sentencing Memorandum, and the transcript of DeRider's sentencing, the court remains convinced that the sentence is reasonable. As the court stated at sentencing, it perceives no basis for imposing a sentence other than that which the advisory guidelines recommend. (*See* Record of Proceedings at 8; Dkt. No. 14.)

As to DeRider's argument that she was deprived of her right to allocution, the record clearly establishes that she was not so deprived. At sentencing, the court specifically asked DeRider if she would "care to address the Court as to sentence here." (Record of Proceedings at 5; Dkt. No. 14.) Through counsel, DeRider declined the opportunity to speak. (*Id.*) Thus, there is no merit to DeRider's argument that she was not allowed to address the court.

Finally, DeRider's argument that the length of her sentence violates

8

the Eighth Amendment's proscription of cruel and unusual punishment is frivolous. The Second Circuit has held that "[l]engthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment when based on a proper application of the Sentencing Guidelines or statutorily mandated consecutive terms." *United States v. Yousef,* 327 F.3d 56, 163 (2d Cir. 2003). A sentence of 51 months, in accordance with the advisory Guidelines Manual, is simply not "grossly disproportionate" to the crimes to which DeRider pleaded guilty. *See id.* ("The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime.") (internal quotations and citation omitted).

In summary, DeRider is procedurally barred from seeking habeas relief on the grounds of misapplication of the Guidelines Manual, reasonableness of the sentence, violation of the right to allocution, and cruel and unusual punishment. Moreover, she cannot overcome the procedural bar because she can demonstrate neither cause and prejudice, nor actual innocence.

**D.     Merits of Ineffective Assistance of Counsel Claim**

As discussed in section II.B, *supra,* DeRider has waived her right to collaterally attack her sentence. However, even if she had not waived this right, her ineffective assistance of counsel claim is without merit. DeRider argues that counsel: (1) failed to argue that her sentences should run concurrently, (2) failed to "raise facts of law which form a viable basis for an appeal," (3) failed to "subject the prosecution case to an adversarial challenge," (4) failed to inform her of her right to appeal, (5) failed to discover that she was being sentenced under the wrong version of the Guidelines Manual, and (6) failed to object to the sentencing enhancement for abuse of a position of trust. (*See* Amended Motion at 6; Dkt. No. 20.) The court will address these six points in turn.

With respect to point (1), 18 U.S.C. § 1028A(b) provides, with an exception not relevant here, that "no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person under any other provision of law." Accordingly, there was no basis for counsel to argue that DeRider's sentence for aggravated identity theft under 18 U.S.C. § 1028A should run concurrently with her sentence for mail fraud.

Points (2) and (3) are vague and unintelligible, and provide no basis for a claim of ineffective assistance of counsel.  Point (4) is without merit because, as discussed above, DeRider's signed Plea Agreement states that "Defendant acknowledges that, after consultation with defense counsel, she fully understands the extent of her rights to appeal."  (Plea Agreement at 12; Dkt. No. 4.)  Moreover, the court informed DeRider of her limited right to appeal at sentencing.  (*See* Record of Proceeding at 11; Dkt. No. 14.)

As to point (5), the court has already found that the appropriate version of the Guidelines Manual was used.  Finally, with respect to point (6), there was no basis for counsel to object to the sentencing enhancement for an abuse of a position of trust.  Section 3B1.3 of the Guidelines Manual provides for an offense level enhancement "[i]f the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense."  U.S.S.G. § 3B1.3.  The "common thread" in cases involving the sentencing enhancement for abuse of a position of trust is "the extent to which the position provides the freedom to commit a difficult-to-detect wrong."  *United States v. Barrett,* 178 F.3d 643, 646 (2d Cir. 1999) (citation omitted).  Thus,

11

by way of example, "the Second Circuit has repeatedly held that control over an organization's bank accounts, and the embezzlement of those funds, indicates the type of trust and discretion to which the abuse of trust enhancement applies." *Nnebe v. United States,* No. 04-cv-2416, 2005 WL 427534, at *7 (S.D.N.Y. Feb. 22, 2005) (collecting cases); *see United States v. Allen,* 201 F.3d 163, 166-67 (2d Cir. 2000) (applying the enhancement to an office manager who "had no regular or direct supervision" and "had the authority to write company checks for payroll and other expenses, had control over the company's banking and its budget preparations, and was authorized to use the company credit card"). Here, DeRider was in a position to exercise control over checks intended for her clients, with little supervision or oversight. Her role as a bookkeeper facilitated both the commission of and concealment of the crime. In such circumstances, she clearly held a position of trust, and she abused such position. Therefore, counsel was not ineffective for having failed to contest the applicability of the enhancement for abuse of a position of trust. *See Aparicio v. Artuz,* 269 F.3d 78, 99 (2d Cir. 2001) ("The failure to include a meritless argument does not fall outside the 'wide range of professionally competent assistance' to which Petitioner was entitled.") (quoting, *inter alia,*

12

*Strickland v. Washington,* 466 U.S. 668, 690 (1984)).

In summary, even if DeRider had not waived the right to collaterally attack her sentence, the claim that counsel was ineffective is without merit.

### E.   Miscellaneous Requests

As noted above, DeRider requests an evidentiary hearing and the appointment of counsel.  Both requests are rendered moot by the dismissal of her petition, and therefore the requests are denied.

### F.   Certificate of Appealability

Because the court finds that DeRider has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability will be issued.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that DeRider's amended motion to vacate her sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 20) is DISMISSED; and it is further

**ORDERED** that DeRider's requests for an evidentiary hearing and the appointment of counsel are DENIED; and it is further

**ORDERED** that a certificate of appealability shall not be issued; and it is further

13

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Dated: May 15, 2008
 Albany, New York

Gary L. Sharpe
U.S. District Judge